SAMUEL, Judge.
This is an action, under the Louisiana Public Records Act (R.S. 44:1 et seq.), seeking to force the Superintendent of the New Orleans Police Department to disclose certain public records which plaintiffs believe contain information about them. Plaintiffs later joined the City of New Orleans as a defendant.
The Superintendent of Police filed exceptions of no right or cause of action and lack of an indispensable party. The proceedings thereafter are somewhat confused, apparently because of the nature of the case. However, they need not be sifted out in this opinion.
On June 29, 1979 plaintiffs obtained a rule ordering the City of New Orleans and the Superintendent to show cause why they should not be ordered “to allow plaintiffs to inspect and copy any and all records, writings, accounts, letters, maps, drawings, memoranda, papers, cards, tapes, recordings and any other documentary materials and information, and any non-exempt portions thereof, in their custody and control, which relate in any manner or degree whatsoever to the plaintiffs, Laurie Burke, Joel Aber, their political activities and the Socialists Workers Party, pursuant to L.S.A.-R.S. 44:1 et seq.”
With consent of the parties, on July 2, 1979 the trial judge conducted an in camera inspection of the records in dispute, and on July 6, 1979 the trial of the plaintiffs’ motion was heard. At this trial no evidence was introduced and the case was submitted for adjudication by stipulation.
The trial court judgment decrees some of the disputed records were exempt from disclosure and some were not exempt. Defendants appeal from the judgment as to those records which were ruled non-exempt *407 from disclosure. Plaintiffs filed an answer to the appeal in which they request all records reviewed by the trial judge be declared non-exempt from disclosure.
Defendants rely on the exemption from disclosure which the act grants to records of prosecutive, investigative, and law enforcement agencies. These exemptions are contained in R.S. 44:3 A(1), (2), and (3). They read as follows:
“A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of' the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety, marshals, investigators, correctional agencies, or intelligence agencies of the state, which records are:
(1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled; or
(2) Records containing the identity of a confidential source of information or records which would tend to reveal the identity of a confidential source of information; or
(3) Records containing security procedures, investigative training information or aids, investigative techniques, investigative technical equipment or instructions on the use thereof, or internal security information;” LSA-R.S. 44:3 A(1), (2), and (3).
A detailed discussion of the records in this case would effectively frustrate the purpose of R.S. 44:3 A. It suffices to say that we have carefully reviewed those records and we find that all of them are exempt from disclosure by reason of the fact that all of them would tend to reveal the identify of a confidential source of information, or contain security procedures or investigative techniques.
For the reasons assigned, the judgment appealed from is affirmed in part and reversed in part and it is now ordered that the plaintiffs’ suit be dismissed at their costs in both courts.
AFFIRMED IN PART; REVERSED IN PART.